# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1918

_____

Tom Lundeen, individually; Nanette   *
Lundeen, and as parents and natural   *
guardians of Molly Lundeen, a minor,   *
and Michael Lundeen,   *
  *
      Plaintiffs - Appellees,   *
  *
      v.   *
  *
Canadian Pacific Railway Company;   *
Canadian Pacific Ltd, Sued as Canadian   *
Pacific Limited; Canadian Pacific   *
Railway Limited; Soo Line Railroad   *
Company,   *
  *
      Defendants - Appellants.   *

_____

No. 05-1920

_____

Appeals from the United States
District Court for the
District of Minnesota.

John Salling, individually; Lorenda   *
Poissant Salling, individually, and on   *
behalf of, and as parent and natural   *
guardian of Sebastian Poissant, a minor,   *
  *
      Plaintiffs - Appellees,   *
  *
      v.   *
  *
Canadian Pacific Railway Company;   *
Canadian Pacific Ltd, Sued as Canadian   *

Pacific Limited; Canadian Pacific                *
Railway Limited; Soo Line Railroad                *
Company,                                          *
                                                  *
            Defendants - Appellants.              *

_____

        No. 05-1922

_____


Dion Darveaux, individually, on behalf           *
of, and as parent and natural guardian           *
of Kendall Darveaux, a minor; Brenda             *
Darveaux, individually, on behalf of,            *
and as a parent and natural guardian of          *
Kendall Darveaux, a minor,                       *
                                                  *
            Plaintiffs - Appellees,              *
                                                  *
      v.                                          *
                                                  *
Canadian Pacific Railway Company;                *
Canadian Pacific Ltd, Sued as Canadian           *
Pacific Limited; Canadian Pacific                *
Railway Limited; Soo Line Railroad               *
Company,                                          *
                                                  *
            Defendants - Appellants.             *

        _____

        No. 05-1923

        _____


Larry Schafer, individually, and on              *
behalf of, and as parent and natural             *
guardian of Jenna Schafer, a minor;              *
Tami Schafer, individually, and on               *

behalf of, and as parent and natural * guardian of Jenna Schafer, a minor, *

                 Plaintiff - Appellee,     *

     v.                               *

Canadian Pacific Railway Company; * Canadian Pacific Ltd, Sued as Canadian * Pacific Limited; Canadian Pacific * Railway Limited; Soo Line Railroad * Company, *

                 Defendants - Appellants.   *

       _____

       No. 05-1924

       _____

Gerald Wickman                   *

                 Plaintiff - Appellee,     *

     v.                               *

Canadian Pacific Railway Company; * Canadian Pacific Ltd, Sued as Canadian * Pacific Limited; Canadian Pacific * Railway Limited; Soo Line Railroad * Company, *

                 Defendants - Appellants.   *

       _____

       No. 05-1925

       _____

Charles Swenson; Sandra Swenson,      *
                                      *
        Plaintiffs - Appellees,       *
                                      *
    v.                                *
                                      *
Canadian Pacific Railway Company;     *
Canadian Pacific Ltd, Sued as Canadian *
Pacific Limited; Canadian Pacific     *
Railway Limited; Soo Line Railroad    *
Company,                              *
                                      *
        Defendants - Appellants.      *

_____

        No. 05-1926

_____

Rebecca Behnkie, individually, and on   *
behalf of, and as parent and natural    *
guardian of Nathaniel Behnkie, a        *
minor,                                  *
                                        *
        Plaintiff - Appellee,           *
                                        *
    v.                                  *
                                        *
Canadian Pacific Railway Company;       *
Canadian Pacific Ltd, Sued as Canadian  *
Pacific Limited; Canadian Pacific       *
Railway Limited; Soo Line Railroad      *
Company,                                *
                                        *
        Defendants - Appellants.        *

-4-

_____

No. 05-1927
_____

Marilyn Carlson,                                      *
                                                     *
            Plaintiff - Appellee,                    *
                                                     *
v.                                                   *
                                                     *
Canadian Pacific Railway Company;                    *
Canadian Pacific Ltd, Sued as Canadian               *
Pacific Limited; Canadian Pacific                    *
Railway Limited; Soo Line Railroad                   *
Company,                                             *
                                                     *
            Defendants - Appellants.                 *

_____

No. 05-1928
_____

Larry Crabbe; Carol Crabbe,                          *
                                                     *
            Plaintiffs - Appellees,                  *
                                                     *
v.                                                   *
                                                     *
Canadian Pacific Railway Company;                    *
Canadian Pacific Ltd, Sued as Canadian               *
Pacific Limited; Canadian Pacific                    *
Railway Limited; Soo Line Railroad                   *
Company,                                             *
                                                     *
            Defendants - Appellants.                 *

-5-

_____

No. 05-1929

_____

| | |
|---|---|
| Wilfred Dahly; Geraldine Dahly, | * |
| | * |
| Plaintiffs - Appellees, | * |
| | * |
| v. | * |
| | * |
| Canadian Pacific Railway Company; | * |
| Canadian Pacific Ltd, Sued as Canadian | * |
| Pacific Limited; Canadian Pacific | * |
| Railway Limited; Soo Line Railroad | * |
| Company, | * |
| | * |
| Defendants - Appellants. | * |

_____

No. 05-1930

_____

| | |
|---|---|
| Denise Duchsherer; Leo Duchsherer; | * |
| Joshua Duchsherer, | * |
| | * |
| Plaintiffs - Appellees, | * |
| | * |
| v. | * |
| | * |
| Canadian Pacific Railway Company; | * |
| Canadian Pacific Ltd, Sued as Canadian | * |
| Pacific Limited; Canadian Pacific | * |
| Railway Limited; Soo Line Railroad | * |
| Company, | * |
| | * |
| Defendants - Appellants. | * |

_____

No. 05-1931

_____

Judy Deutsch, individually, and on            *
behalf of, and as natural guardian of         *
Tyrone Deutsch, a minor,                      *
                                              *
      Plaintiff - Appellee,        *
                                              *
    v.                                *
                                              *
Canadian Pacific Railway Company;             *
Canadian Pacific Ltd, Sued as Canadian        *
Pacific Limited; Canadian Pacific             *
Railway Limited; Soo Line Railroad            *
Company,                                      *
                                              *
      Defendants - Appellants.     *

_____

No. 05-1932

_____

Jo Ann Flick,                                 *
                                              *
      Plaintiff - Appellee,        *
                                              *
    v.                                *
                                              *
Canadian Pacific Railway Company;             *
Canadian Pacific Ltd, Sued as Canadian        *
Pacific Limited; Canadian Pacific             *
Railway Limited; Soo Line Railroad            *
Company,                                      *
                                              *
      Defendants - Appellants.     *

-7-

_____

No. 05-1933

_____

Leo Gleason,                                          *
                                                     *
            Plaintiff - Appellee,                    *
                                                     *
v.                                                   *
                                                     *
Canadian Pacific Railway Company;                    *
Canadian Pacific Ltd, Sued as Canadian               *
Pacific Limited; Canadian Pacific                    *
Railway Limited; Soo Line Railroad                   *
Company,                                             *
                                                     *
            Defendants - Appellants.                 *

_____

No. 05-1934

_____

Charlotte Goerndt,                                   *
                                                     *
            Plaintiff - Appellee,                    *
                                                     *
v.                                                   *
                                                     *
Canadian Pacific Railway Company;                    *
Canadian Pacific Ltd, Sued as Canadian               *
Pacific Limited; Canadian Pacific                    *
Railway Limited; Soo Line Railroad                   *
Company,                                             *
                                                     *
            Defendants - Appellants.                 *

_____

No. 05-1935

_____

Mary Beth Gross, individually, and on          *
behalf of, and as parent and natural           *
guardian of Brett Gross, a minor,              *
                                               *
          Plaintiff - Appellee,                *
                                               *
     v.                                        *
                                               *
Canadian Pacific Railway Company;              *
Canadian Pacific Ltd, Sued as Canadian         *
Pacific Limited; Canadian Pacific              *
Railway Limited; Soo Line Railroad             *
Company,                                       *
                                               *
          Defendants - Appellants.             *

_____

No. 05-1936

_____

Darla M. Just,                                 *
                                               *
          Plaintiff - Appellee,                *
                                               *
     v.                                        *
                                               *
Canadian Pacific Railway Company;              *
Canadian Pacific Ltd, Sued as Canadian         *
Pacific Limited; Canadian Pacific              *
Railway Limited; Soo Line Railroad             *
Company,                                       *
                                               *
          Defendants - Appellants.             *

_____

No. 05-1937

_____

Irene Clore Korgel,                        *

                                         *

        Plaintiff - Appellee,       *

                                         *

        v.                             *

                                         *

Canadian Pacific Railway Company;  *
Canadian Pacific Ltd, Sued as Canadian *
Pacific Limited; Canadian Pacific    *
Railway Limited; Soo Line Railroad   *
Company,                          *

                                         *

        Defendants - Appellants.   *

_____

No. 05-1938

_____

Richard McBride; Linda McBride,    *

                                       *

        Plaintiffs - Appellees,    *

                                       *

        v.                             *

                                       *

Canadian Pacific Railway Company;  *
Canadian Pacific Ltd, Sued as Canadian *
Pacific Limited; Canadian Pacific    *
Railway Limited; Soo Line Railroad   *
Company,                          *

                                         *

        Defendants - Appellants.   *

_____

No. 05-1939

_____

Richard Muhlbradt,                               *
                                                 *
          Plaintiff - Appellee,                  *
                                                 *
     v.                                          *
                                                 *
Canadian Pacific Railway Company;                *
Canadian Pacific Ltd, Sued as Canadian           *
Pacific Limited; Canadian Pacific                *
Railway Limited; Soo Line Railroad               *
Company,                                         *
                                                 *
          Defendants - Appellants.               *

     _____

     No. 05-1940

     _____

Lonnie Shigley,                                  *
                                                 *
          Plaintiff - Appellee,                  *
                                                 *
     v.                                          *
                                                 *
Canadian Pacific Railway Company;                *
Canadian Pacific Ltd, Sued as Canadian           *
Pacific Limited; Canadian Pacific                *
Railway Limited; Soo Line Railroad               *
Company,                                         *
                                                 *
          Defendants - Appellants.               *

_____

No. 05-1941

_____

Bobby Smith; Mary Smith,                    *
                                            *
             Plaintiffs - Appellees,        *
                                            *
v.                                          *
                                            *
Canadian Pacific Railway Company;           *
Canadian Pacific Ltd, Sued as Canadian      *
Pacific Limited; Canadian Pacific           *
Railway Limited; Soo Line Railroad          *
Company,                                    *
                                            *
             Defendants - Appellants.       *

_____

No. 05-1942

_____

Rachelle Todosichuk,                        *
                                            *
             Plaintiff - Appellee,          *
                                            *
v.                                          *
                                            *
Canadian Pacific Railway Company;           *
Canadian Pacific Ltd, Sued as Canadian      *
Pacific Limited; Canadian Pacific           *
Railway Limited; Soo Line Railroad          *
Company,                                    *
                                            *
             Defendants - Appellants.       *

-12-

_____

No. 05-1943

_____

| | |
|---|---|
| Shelly Hingst, | * |
| | * |
| Plaintiff - Appellee, | * |
| | * |
| v. | * |
| | * |
| Canadian Pacific Railway Company; | * |
| Canadian Pacific Ltd, Sued as Canadian | * |
| Pacific Limited; Canadian Pacific | * |
| Railway Limited; Soo Line Railroad | * |
| Company, | * |
| | * |
| Defendants - Appellants. | * |

_____

No. 05-1944

_____

| | |
|---|---|
| Nathan Freeman, individually, and on | * |
| behalf of, and as parents and natural | * |
| guardians of Ashlyn Freeman, a minor; | * |
| Nicole Freeman, individually, and on | * |
| behalf of, and as parents and natural | * |
| guardians of Ashlyn Freeman, a minor | * |
| | * |
| Plaintiffs - Appellees, | * |
| | * |
| v. | * . |
| | * |
| Canadian Pacific Railway Company; | * |
| Canadian Pacific Ltd, Sued as Canadian | * |
| Pacific Limited; Canadian Pacific | * |
| Railway Limited; Soo Line Railroad | * |
| Company, | * |

-13-

Defendants - Appellants.          *

_____

No. 05-1945

_____

Doug Weltzin,                                   *
                                                *
            Plaintiff  - Appellee,              *
                                                *
      v.                                        *
                                                *
Canadian Pacific Railway Company;               *
Canadian Pacific Ltd, Sued as Canadian          *
Pacific Limited; Canadian Pacific               *
Railway Limited; Soo Line Railroad              *
Company,                                        *
                                                *
            Defendants - Appellants.            *

_____

No. 05-1946

_____

Melissa Todd,                                   *
                                                *
            Plaintiff - Appellee,               *
                                                *
      v.                                        *
                                                *
Canadian Pacific Railway Company;               *
Canadian Pacific Ltd, Sued as Canadian          *
Pacific Limited; Canadian Pacific               *
Railway Limited; Soo Line Railroad              *
Company,                                        *
                                                *
            Defendants - Appellants.            *

_____

No. 05-1947
_____

Ray Lakoduk,                              *
                                          *
            Plaintiff  - Appellee ,       *
                                          *
v.                                        *
                                          *
Canadian Pacific Railway Company;         *
Canadian Pacific Ltd, Sued as Canadian    *
Pacific Limited; Canadian Pacific         *
Railway Limited; Soo Line Railroad        *
Company,                                  *
                                          *
            Defendants - Appellants.      *

_____

No. 05-1948
_____

Trent Westmeyer; Randi Lou               *
Westmeyer,                               *
                                         *
            Plaintiffs - Appellees,      *
                                         *
v.                                       *      .
                                         *
Canadian Pacific Railway Company;        *
Canadian Pacific Ltd, Sued as Canadian   *
Pacific Limited; Canadian Pacific        *
Railway Limited; Soo Line Railroad       *
Company,                                 *
                                         *
            Defendants - Appellants.     *

-15-

_____

No. 05-1949

_____

Leroy Slorby,                                                    *
                                                                *
                Plaintiff - Appellee,                           *
                                                                *
        v.                                                      *
                                                                *
Canadian Pacific Railway Company;                               *
Canadian Pacific Ltd, Sued as Canadian                          *
Pacific Limited; Canadian Pacific                               *
Railway Limited; Soo Line Railroad                              *
Company,                                                        *
                                                                *
                Defendants - Appellants.                        *

        _____

        No. 05-1950

        _____

Mark Nisbet; Sandra Nisbet,                                     *
                                                                *
                Plaintiffs - Appellees,                         *
                                                                *
        v.                                                      *      .
                                                                *
Canadian Pacific Railway Company;                               *
Canadian Pacific Ltd, Sued as Canadian                          *
Pacific Limited; Canadian Pacific                               *
Railway Limited; Soo Line Railroad                              *
Company,                                                        *
                                                                *
                Defendants - Appellants.                        *

-16-

_____

Submitted: October 14, 2005
Filed: May 16, 2006
_____

Before BYE, BEAM, and SMITH, Circuit Judges.
_____

BYE, Circuit Judge.

Canadian Pacific Railway Company (CP Rail) appeals the district court's orders allowing the Lundeens to amend their complaint and remanding the case to state court. We reverse and remand.

I

This action was originally filed by the Lundeens against CP Rail in Minnesota state court. They sued for personal injuries and property damages suffered as a result of a CP Rail freight train derailment in North Dakota. CP Rail removed to the United States District Court for the District of Minnesota based on federal question jurisdiction. The Lundeens amended their complaint in an attempt to remove the federal question. The district court declined to exercise its discretionary jurisdiction over what it construed to be remaining state law claims and remanded to state court. CP Rail appealed, challenging the order allowing the Lundeens to amend their complaint and the remand as improper forum shopping. Regardless of the merits of the forum-shopping argument, we note the amended complaint continues to claim, among other things, CP Rail negligently inspected their tracks as shown by failing to comply with the rules and regulations of the Federal Railroad Administration (FRA), and we thus hold the district court continues to have jurisdiction through complete preemption of the state law claim of negligent inspection.

A question of subject-matter jurisdiction may be raised sua sponte at any time. Long v. Area Manager, Bureau of Reclamation, 236 F.3d 910, 916 (8th Cir. 2001) (citation omitted). Generally, a plaintiff can avoid removal to federal court by alleging only state law claims. Gaming Corp. of Am. v. Dorsey & Whitney, 88 F.3d 536, 542 (8th Cir. 1996) (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). However, there are exceptions to this general rule. One basis for removal is federal question jurisdiction. See 28 U.S.C. § 1441. A federal question is raised in "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action *or* that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983) (emphasis added). Additionally "complete" preemption is an exception to the well-pleaded complaint rule and, unlike preemption as a defense, is a basis for federal jurisdiction. Gaming Corp., 88 F.3d at 543.

Congressional intent is the "ultimate touchstone" guiding preemption analysis. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 45 (1987) (citations omitted). "If the statute contains an express preemption clause, then the statutory construction should center on its plain meaning as the best evidence of Congress's preemptive intent." Peters v. Union Pac. R.R., 80 F.3d 257, 261 (8th Cir. 1996). Here, the Lundeens assert in part CP Rail negligently inspected railroad tracks, so we look to the Federal Railroad Safety Act (FRSA), 49 U.S.C. § 20101 et. seq., and the extent to which relevant regulations adopted pursuant to it address negligent track inspection.

The preemptive effect of the FRSA is specified in 49 U.S.C. § 20106[1]:

---

[1]Although the current version of the FRSA's preemption clause is worded slightly differently from the original version, we have noted the two versions are "identical in substance." Cearley v. Gen. Am. Transp. Corp., 186 F.3d 887, 890 n.5

Laws, regulations, and orders related to railroad safety and laws, regulations, and orders related to railroad security shall be nationally uniform to the extent practicable. A State may adopt or continue in force a law, regulation, or order related to railroad safety or security until the Secretary of Transportation (with respect to railroad safety matters), or the Secretary of Homeland Security (with respect to railroad security matters), prescribes a regulation or issues an order covering the subject matter of the State requirement. A State may adopt or continue in force an additional or more stringent law, regulation, or order related to railroad safety or security when the law, regulation, or order--
(1) is necessary to eliminate or reduce an essentially local safety or security hazard;
(2) is not incompatible with a law, regulation, or order of the United States Government; and
(3) does not unreasonably burden interstate commerce.

On the one hand, Congress created the FRSA to ensure railroad safety would be "nationally uniform to the extent practicable" and "'[t]hese statutory provisions evince . . . a 'total preemptive intent.'"" Peters, 80 F.3d at 262 (quoting Nat'l Ass'n of Regulatory Util. Comm'rs v. Coleman, 542 F.2d 11, 13 (3d Cir. 1976)). On the other hand, the preemption provision is "'employed within a provision that displays considerable solicitude for state law in that its express pre-emption clause is both prefaced and succeeded by express savings clauses.'" Chapman v. LabOne, 390 F.3d 620, 626-27 (8th Cir. 2004) (quoting CSX Transp. v. Easterwood, 507 U.S. 658, 665 (1993)).

This circuit has addressed complete preemption in the context of the FRSA on two occasions: Chapman and Peters.  In Peters we found complete preemption: "Congress has expressly preempted state laws affecting railroad safety where the Secretary of Transportation has promulgated regulations," as confirmed by  "[t]he FRSA regulations explicitly set[ting] out a comprehensive administrative adjudication system for handling certification disputes," which "directly apply to Peters' [state law]

_____

(8th Cir. 1999).

-19-

conversion claim."[2] 390 F.3d at 262. Thus, we held, "[a]ny issue raised in this area is a federal issue justifying removal." Id. In Chapman, however, we found no preemption as to common-law claims arising from alleged deficient performance in the drug testing process because "the applicable statute and regulations concerning drug testing do not establish an intent to preempt the substantive common law at issue," where the FRA's drug testing regulations included an anti-waiver provision.[3]

---

[2]The administrative adjudication is described as:

> Pursuant to § 434, the Secretary of Transportation issued preemptive regulations concerning engineer certification. Included in these regulations is a specific, detailed scheme setting out dispute resolution procedures. The regulations establish a review board to consider petitions challenging a railroad's denial of certification or recertification, or revocation of certification. Any person denied certification can petition the Locomotive Engineer Review Board (Board) to determine whether the denial was improper. Any party adversely affected by the Board's decision has a right of appeal. This "comprehensive remedial scheme . . . serves to confirm [the FRSA's] preemptive scope."

Peters, 80 F.3d at 261 (quoting Rayner v. Smirl, 873 F.2d 60, 65 (4th Cir. 1989)) (citations omitted).

[3]The anti-waiver provision reads:

> An employee required to participate in body fluid testing . . . shall . . . evidence consent to taking of samples . . . . The employee is not required to execute any document or clause waiving rights that the employee would otherwise have against the employer, and any such waiver is void. The employee may not be required to waive liability with respect to negligence on the part of any person participating in the collection, handling, or analysis of the specimen or to indemnify any person for the negligence of others.

Department of Transportation Alcohol/Drug Regulations, 54 Fed. Reg. 53,261 (Dec. 27, 1989); see also 49 C.F.R. 219.11(d) (1989).

-20-

390 F.3d at 628-29.  Because we found no preemption, we reasoned there was thus no complete preemption.  Id. at 629.[4]  We distinguished Peters by noting: "[u]nlike the drug testing regulations, the rules at issue in Peters did not contain a provision that could be construed as a savings clause through which the Secretary preserved state common-law claims," and in Peters "the comprehensive administrative adjudication system for handling certification disputes . . . influenced our court's complete preemption analysis."  Id. at 628, 630.

Given that the FRSA preemption clauses are substantively identical in Peters and Chapman, and our finding complete preemption in the former but not the latter by distinguishing the regulations at issue in the cases, complete preemption turns first on the Secretary of Transportation's regulations "covering the subject matter of the State Requirement" and then any given regulation's solicitude for state law.  See 49 U.S.C. § 20106.  Again, for example, the drug-testing regulations at issue in Chapman contained an anti-waiver provision which displayed a "solicitude for state common law distinguish[ing it] . . . from the [regulations establishing a] comprehensive

---

[4]We also noted the FRSA does not "provide[] a private right of action for a person aggrieved by negligence in the analysis of a drug test, and the absence of an alternative cause of action militates against a finding of complete preemption." 390 F.3d at 629.  However, our statement was dicta in light of our holding earlier in the opinion there was no complete preemption because not even regular preemption lay. Id. at 629. Compare Gaming Corp., 88 F.3d at 547, which stated:

> The issue of whether complete preemption exists is separate from the issue of whether a private remedy is created under a federal statute. Caterpillar Inc. v. Williams, 482 U.S. 386, 391 n.4, 96 L. Ed. 2d 318, 107 S. Ct. 2425 (1987). Complete preemption can sometimes lead to dismissal of all claims in a case. Although courts may be reluctant to conclude that Congress intended plaintiffs to be left without recourse, see M. Nahas & Co., Inc. v. First National Bank of Hot Springs, 930 F.2d 608, 612 (8th Cir. 1991), the intent of Congress is what controls. Pilot Life Insurance Co. v. Dedeaux, 481 U.S. 41, 45, 95 L. Ed. 2d 39, 107 S. Ct. 1549 (1987) (citations omitted).

administrative adjudication system for handling certification disputes that influenced our court's complete preemption analysis in Peters." 390 F.3d at 630.

In this case, the Lundeens bring claims based in part on negligent inspection of railroad track. FRSA track inspection regulations lack the solicitude for state law demonstrated by the anti-waiver clause in Chapman. This situation is more akin to our discussion in In re Derailment Cases, 416 F.3d 787 (8th Cir. 2005), involving inspection of railroad freight cars. We found preemption where:

> The FRA has adopted regulations that require inspections of freight cars at each location where they are placed in a train. Railroads must designate inspectors who "have demonstrated to the railroad a knowledge and ability to inspect railroad freight cars for compliance with the [FRA regulations]." The FRA's regulations specify that a railroad may not place or continue in service a car that, inter alia, has a defective coupler or a defective draft key retainer assembly.

> The regulations also establish a "national railroad safety program" intended "to promote safety in all areas of railroad operations in order to reduce deaths, injuries and damage to property resulting from railroad accidents." Federal and state inspectors "determine the extent to which the railroads, shippers, and manufacturers have fulfilled their obligations with respect to inspection, maintenance, training, and supervision." Inspectors visit rail yards to ensure compliance with the regulations and railroads face civil penalties for violations. . . .

> . . . It is clear that the FRA's regulations are intended to prevent negligent inspection by setting forth minimum qualifications for inspectors, specifying certain aspects of freight cars that must be inspected, providing agency monitoring of the inspectors, and establishing a civil enforcement regime. These intentions are buttressed by the FRA's inspection manual for federal and state inspectors. Further, there is no indication that the FRA meant to leave open a state tort cause of action to deter negligent inspection. . . . Accordingly, we

-22-

conclude that Plaintiffs' negligent inspection claims are preempted by the FRA's regulations.

In re Derailment Cases, 416 F.3d at 793-794 (citations and footnotes omitted). We distinguished Chapman by noting the regulations there "specifically contemplate[d] the existence of a common-law cause of action for negligence." Id. at 794.

Similarly, federal regulations establish a specific inspection protocol including how, 49 C.F.R. § 213.233(b), when, §§ 213.233(c) & .237(a)-(c), and by whom, §§ 212.203, 213.7 & .233(a), track inspections must be conducted; the regulations establish a national railroad safety program intended to promote safety in all areas of railroad operations, § 212.101(a); federal and state inspectors determine the extent to which the railroads, shippers, and manufacturers have fulfilled their obligations with respect to, among other things, inspection, § 212.101(b)(1); and railroads face civil penalties for violations, § 213 App. B. It is clear the FRA regulations are intended to prevent negligent track inspection and there is no indication the FRA meant to leave open a state law cause of action.

We note the FRSA's preemption clause is employed within a provision that displays considerable solicitude for state law in that its express preemption clause is both prefaced and succeeded by express savings clauses, and we also note In re Derailment was a conflict rather than complete preemption case. Nonetheless, where we find the Lundeens' negligent inspection claims preempted following the logic in In Re Derailment and where it is both clear the regulations at issue are intended to prevent negligent track inspection nationally and contain no savings clause (so there is thus no indication the FRA meant to leave open a state law cause of action), absent en banc review we are bound by our decision in Peters to find complete, jurisdictional, preemption. The district court therefore has subject-matter jurisdiction in the instant case and improperly remanded the case to state court.

III


Based on the foregoing, this case is reversed and remanded for proceedings consistent with this opinion.

_____