# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3002

_____

| | | |
|---|---|---|
| Jeffrey Bates, | * | |
| | * | |
| Plaintiff/Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Missouri & Northern Arkansas | * | Western District of Missouri. |
| Railroad Company, Inc., | * | |
| | * | |
| Defendant/Appellant, | * | |
| | * | |
| Jimmy Pemberton, Art Medley, | * | |
| | * | |
| Defendants. | * | |

_____

Submitted: April 15, 2008
Filed: December 1, 2008

_____

Before WOLLMAN, BEAM, and RILEY, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Missouri & Northern Arkansas Railroad Company, Inc. (MNA) appeals from the district court's[1] order remanding to state court Jeffrey Bates's personal injury claims against MNA. As modified, the order is affirmed.

_____

[1]The Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri, to whom the case was referred pursuant to the consent of the parties. See 28 U.S.C. § 636(c)(1).

I.

On April 27, 2006, Bates suffered severe injuries when his vehicle collided with a MNA train at a signaled railroad crossing in Barton County, Missouri. Bates filed a lawsuit in Missouri state court against MNA and the railroad employees who were operating the train.

MNA removed the case to the United States District Court for the Western District of Missouri, arguing that the doctrine of complete preemption provided federal question jurisdiction. Specifically, MNA maintained that some or all of Bates's claims fell within the ambit of the Federal Railroad Safety Act (FRSA), 49 U.S.C. § 20101 *et seq.*, and were therefore completely preempted under our decision in Lundeen v. Canadian Pacific Railway Co., 447 F.3d 606 (8th Cir. 2006) (Lundeen I). MNA also argued that complete preemption by the Locomotive Inspection Act (LIA), 49 U.S.C. § 20701 *et seq.*, provided an alternative basis for federal jurisdiction. The district court agreed that one of Bates's claims—his allegation that MNA had failed to install gates at the crossing where he was injured—was completely preempted. After Bates filed an amended complaint that excluded this claim, the district court remanded the case to state court, declining to exercise supplemental jurisdiction over the remaining claims.[2]   MNA appealed that order.

---

[2]As an alternative ground for affirming the district court, Bates argues that the district court's remand is an unreviewable order under 28 U.S.C. § 1447(d). The district court, however, based its remand on a refusal to exercise supplemental jurisdiction under § 1367(c), not on a determination that it lacked subject matter jurisdiction. The order is therefore reviewable. See Lindsey v. Dillard's, Inc., 306 F.3d 596, 598-99 (8th Cir. 2002). But see HIF Bio, Inc. v. Yung Shin Pharm. Indus. Co., 508 F.3d 659, 667 (Fed. Cir. 2007) (concluding that "a remand based on declining supplemental jurisdiction must be considered within the class of remands . . . barred from appellate review by § 1447(d)"), cert. granted, 77 U.S.L.W. 3226 (U.S. Oct. 14, 2008) (No. 07-1437).

During the pendency of the appeal, Congress amended the FRSA preemption provision that is at the heart of this dispute. Both parties briefed and argued how the amended statute should be applied. Shortly after this case was argued, however, we decided Lundeen v. Canadian Pacific Railway Co., 532 F.3d 682 (8th Cir. 2008) (Lundeen II). Lundeen II addressed a variety of questions related to the amended provision, and it established the controlling law for this case.

II.

Complete preemption provides a narrow exception to the general rule that, absent diversity, a case filed in state court is not removable to federal court unless it affirmatively alleges a federal claim. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 7-8 (2003). The complete preemption doctrine recognizes that federal law may so wholly displace a state law cause of action that a state law claim is converted into a federal claim from its inception. Krispin v. May Dep't Stores Co., 218 F.3d 919, 922 (8th Cir. 2000). Complete preemption is distinguishable from preemption as a defense, because the former has jurisdictional implications while the latter does not. "To be completely preemptive, a statute must have 'extraordinary pre-emptive power,' a conclusion courts reach reluctantly." Gaming Corp. of Am. v. Dorsey & Whitney, 88 F.3d 536, 543 (8th Cir. 1996) (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987)).

In Lundeen I, we concluded that § 20106 of the FRSA completely preempted state claims alleging that a railroad negligently inspected its tracks. Because federal regulations established standards for track inspection and did not leave open a state law cause of action, we held that the plaintiffs' claims were completely preempted and that remand to state court was improper. Lundeen I, 447 F.3d at 614-15.

In August 2007, Congress enacted an amendment clarifying § 20106. The amended statute provides that "[n]othing in this section creates a Federal cause of action on behalf of an injured party or confers Federal question jurisdiction for such

State law causes of action." 49 U.S.C. § 20106(c). Furthermore, the immediately preceding subsection states that "[t]his subsection shall apply to all pending State law causes of action arising from events or activities occurring on or after January 18, 2002." Id. § 20106(b)(2). The amendment "reflected Congress's disagreement with the manner in which the courts, including our own in Lundeen I, had interpreted § 20106 to preempt state law causes of action whenever a federal regulation covered the same subject matter as the allegations of negligence in a state court lawsuit." Lundeen II, 532 F.3d at 688.

We addressed the amended language in Lundeen II and concluded that it overruled our prior holding. Id. at 688. Moreover, we read the retroactivity clause in subsection (b) together with the jurisdiction-stripping provision in subsection (c). Accordingly, we applied the amendment retroactively and required the district court to remand to state court a lawsuit pending in federal court when the amendment was passed. Id. at 691-92. We are bound by that decision. See Brown v. First Nat'l Bank, 844 F.2d 580, 582 (8th Cir. 1988) ("[O]ne panel of this Court is not at liberty to overrule an opinion filed by another panel.").

III.

MNA's arguments for complete preemption under the FRSA have been foreclosed by the § 20106 amendment and our decision in Lundeen II. MNA argues, for example, that the new language denying federal question jurisdiction is separable from the retroactivity clause; it thus insists that federal question jurisdiction continues to exist for claims filed before the statute was amended. That contention, however, is contrary to the holding in Lundeen II and must be rejected. MNA also argues that the case should be remanded so that the district court can develop the facts and determine the impact of the amendment. This argument fails to recognize the significant difference between complete, jurisdictional preemption and preemption as

an affirmative defense.  Development of the facts may be necessary to adjudicate MNA's affirmative defense of preemption.  But Lundeen II makes clear that the FRSA does not convert a state law claim into a federal cause of action.  Absent diversity, therefore, a state court is the proper forum for litigating MNA's preemption defense.[3]

IV.

As an alternative ground for federal question jurisdiction, MNA argues that two of Bates's claims are completely preempted under the Locomotive Inspection Act. We disagree.  The LIA regulates the design and construction of locomotives, and the Supreme Court has held that it preempts conflicting state laws concerning locomotive equipment.  See Napier v. Atlantic Coast Line R.R. Co., 272 U.S. 605, 613 (1926). We have never held, however, that LIA preemption is so comprehensive that it can provide federal question jurisdiction over a state law cause of action.  Moreover, the single district court case that MNA cites to support its complete preemption theory, Bell v. Illinois Central Railroad Co., 236 F. Supp. 2d 882 (N.D. Ill. 2001), has been overruled.  See Adkins v. Illinois Cent. R.R. Co., 326 F.3d 828, 835 (7th Cir. 2003).

In any event, a fair reading of Bates's claims demonstrates that they do not come within the scope of the LIA.  Bates does not allege that MNA's locomotive equipment was inadequate; rather, he asserts that its employees failed to operate the equipment with necessary care.  Compare First Sec. Bank v. Union Pac. R.R. Co., 152

_____

[3]We acknowledge MNA's concern that some of the district court's language might be misconstrued as deciding the merits of its affirmative preemption defense. While it is apparent to us that the district court was ruling only on the availability of complete preemption, we think it prudent to remove any doubt.  We therefore vacate that portion of the district court's order which relates to MNA's use of preemption as an affirmative defense.

F.3d 877, 880 (8th Cir. 1998) (holding that a claim alleging an inadequate warning horn was preempted by the LIA). Furthermore, and as it correctly noted, the district court was required to "resolve all doubts about federal jurisdiction in favor of remand." Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997). Thus, the court did not err in finding that Bates's claims are not completely preempted under the LIA.

V.

As modified, the order is affirmed.

BEAM, Circuit Judge, concurring and dissenting.

I concur in Part IV of the court's opinion. For the reasons set forth in Parts B and C (Preemption and Retroactivity) of my dissent in Lundeen v. Canadian Pacific Railway Co., 532 F.3d 682, 696-702 (8th Cir. 2008) (Lundeen II) and in Parts I and II of my dissent from denial of panel rehearing and rehearing by the court en banc in Lundeen II, I dissent from the conclusions reached in Parts II and III of the panel majority's opinion in this case.

_____