961 F.2d 1577
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John W. KANIOS, Petitioner-Appellant,
v.
D.A. BAKER, Warden, Respondent-Appellee.
 No. 91-3809.
 United States Court of Appeals, Sixth Circuit.
 May 13, 1992.
 
 1
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and WOODS, District Judge.*
 
 ORDER
 
 2
 John W. Kanios, an Ohio state prisoner, moves for the appointment of counsel and miscellaneous relief on appeal from the dismissal of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Kanios was convicted in 1981, following a jury trial, of aggravated burglary, and was sentenced to four to twenty-five years imprisonment. He did not file a direct appeal. In 1991, he was denied leave to file a delayed appeal. He then filed this habeas petition, arguing that he received ineffective assistance of counsel, the prosecutor withheld favorable evidence, and he was erroneously denied leave to file a delayed appeal. He attempted to explain his failure to file a direct appeal by stating that he had not received a transcript of his trial, and did not have access to a law library after his conviction. The district court summarily dismissed the petition pursuant to Rule 4, Rules Governing Section 2254 Proceedings in the District Courts, finding that Kanios had procedurally defaulted on his claims in the state courts and had not established cause to excuse the default. On appeal, Kanios reasserts his arguments and contends that additional cause for his procedural default in the state courts is that he was on medication for depression following his conviction and was later assaulted by prison guards, from which he never fully recovered.
 
 
 4
 Upon review, it is concluded that the district court properly declined to address the merits of the claims raised in this petition. None of the arguments raised by petitioner establish sufficient cause for failing to file a notice of appeal after his conviction, or for waiting ten years to move for leave to file a delayed appeal. Absent a sufficient showing of cause, his failure to appeal in the state courts is a procedural default barring federal habeas review. See Coleman v. Thompson, 111 S.Ct. 2546, 2564-65 (1991). Moreover, to the extent the claims Kanios wishes to raise require evidence outside the trial record, he has not exhausted the state remedy of a petition to vacate his conviction pursuant to Ohio Rev. Code § 2953.21. This failure to exhaust state remedies also requires dismissal of the petition. See Rose v. Lundy, 455 U.S. 509, 518-20 (1982).
 
 
 5
 Accordingly, the motions for appointment of counsel and miscellaneous relief are denied and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable George E. Woods, U.S. District Judge for the Eastern District of Michigan, sitting by designation