Monroe JOHNSON III, Petitioner–
Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 97–2519.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 25, 1999.

Decided Nov. 10, 1999.

Erik F. Dyhrkopp (argued), Bell, Boyd & Lloyd, Chicago, IL, petitioner–appellant.

Randy G. Massey (argued), W. Charles Grace, Office of U.S. Attorney, Criminal Division, Fairview Heights, IL, for respondent–appellee.

Before EASTERBROOK, MANION, and ROVNER, Circuit Judges.

EASTERBROOK, Circuit Judge.

Following his plea of guilty to distributing cocaine and carrying a firearm during and in relation to that crime, Monroe Johnson was sentenced to 130 months' imprisonment. He did not appeal. In May 1994, about a year after imposing sentence, the district judge took ten months off on the prosecutor's motion under Fed. R.Crim.P. 35(b). In December 1995 Johnson, represented by counsel, filed a petition under 28 U.S.C. § 2255 seeking relief on four grounds; a few months later counsel added a fifth, based on *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). On April 24, 1996, the day the President signed the Antiterrorism and Effective Death Penalty Act, the district judge rejected four of Johnson's arguments but reserved decision on the *Bailey* ground. Before the judge could make a final decision, Johnson attempted to amend his petition a second time, asking the court to consider four additional theories of entitlement to collateral relief. The judge balked, concluding that, once the AEDPA took effect, any proposed amendment to a collateral attack is a "second or successive" collateral attack that requires prior appellate approval under 28 U.S.C. §§ 2244(b), 2255 ¶ 8. In February 1997 the district judge rejected the *Bailey* theo-

ry and entered a final decision leaving the 120–month sentence in place. Johnson's appeal is limited to the grounds that the district court refused to consider. Although the AEDPA does not apply to Johnson's petition, filed as it was before April 24, 1996, see *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), it does apply to later-filed petitions; so if the proposed amendment must be treated as a new collateral attack, then the AEDPA is fully applicable to it.

■ Paragraph 8 of § 2255, as amended by the AEDPA, provides that

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Johnson cannot meet these substantive criteria; he does not rely on newly discovered evidence demonstrating his innocence or a new rule of constitutional law made retroactive by the Supreme Court. We therefore could not authorize him to file a second or successive motion. But of course this does not matter unless the proposed amendments to his pre-AEDPA motion are "second or successive". The district court thought that they are, but we do not see how a proposed amendment to one's first motion can be deemed a "second or successive" motion. Perhaps a second, independent motion filed while the first was *sub judice* could be deemed "second or successive"; but a proposal to amend one's first motion is not a "second" motion.

■ Identifying "second or successive" motions is easy only in the paradigm case—the prisoner files a motion, loses on the merits, exhausts appellate remedies, and then files another motion. That sequence is conclusive, even though the second motion presents grounds that could not have been raised earlier. *Burris v. Parke*, 95 F.3d 465 (7th Cir.1996) (en banc); *In re Page*, 179 F.3d 1024 (7th Cir.1999). But suppose a prisoner files a motion under § 2255, prevails, and is retried and resentenced. Is any later collateral attack a "second" motion? We have held that the count restarts with each new judgment. *Walker v. Roth*, 133 F.3d 454 (7th Cir.1997). Even when the judgment is unaltered, a failed motion may not count. If a state petitioner files prematurely (before exhausting state remedies), or files a procedurally defective document that is returned for revisions, then the abortive request for relief is disregarded for purposes of § 2244(b) and § 2255 ¶ 8. See *O'Connor v. United States*, 133 F.3d 548 (7th Cir.1998); *Benton v. Washington*, 106 F.3d 162 (7th Cir.1996). See also *Stewart v. Martinez–Villareal*, 523 U.S. 637, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998). But if the prisoner gets a collateral attack under way and then abandons it in the face of looming defeat, that proceeding counts because the prisoner had an opportunity for a decision. *Felder v. McVicar*, 113 F.3d 696 (7th Cir.1997). Drawing these lines can be difficult. When does withdrawal of a petition acknowledge defeat, and when does it show only that the filing was unripe or procedurally defective? See *Garrett v. United States*, 178 F.3d 940 (7th Cir.1999). What happens if a motion is filed, dismissed as premature (and thus does not count), and the motion filed after exhaustion of state remedies includes additional contentions? We would be tempted to say that a motion that does not count is ignored, so it does not matter what issues the prisoner had put in (or omitted from) it, but several courts of appeals have held otherwise, and the issue is before the Supreme Court. *Slack v. McDaniel*, No. 98–6322, 1999 WL 813763 (argued Oct. 4, 1999, but restored

to the calendar for reargument by order of Oct. 18, 1999).

Just as a second filing may be treated as an initial motion when the first was not eligible for decision on the merits, so additional filings in the first collateral attack may be treated as "second or successive" petitions when the first has reached a final decision. Suppose a collateral attack has been fully adjudicated, a final judgment has been entered, and the time for appeal has expired. The prisoner then files a motion under Fed.R.Civ.P. 60(b) advancing new theories of relief. Such a maneuver is a transparent attempt to avoid the need for prior appellate approval of a second collateral attack, and we concluded in *Burris v. Parke*, 130 F.3d 782, 783 (7th Cir. 1997), that it must be seen for what it is and dismissed by the district judge. (Other courts of appeals, cited in *Burris*, had reached the same conclusion.) Likewise when a prisoner, having lost on appeal, advances novel arguments in support of a motion to recall the mandate. This, too, is just a new collateral attack by another name, and it is proper only if it meets the statutory criteria. *Burris*, 130 F.3d at 784. See also *Calderon v. Thompson*, 523 U.S. 538, 554, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998). Section 2255 ¶ 8 speaks of a second or successive "motion," and § 2244(b) of a second or successive "application"; both a motion under Rule 60(b) and a motion to recall the mandate can fit this description—and must, if these statutes are to limit multiple efforts to obtain collateral review.

Having held that a motion or application in a case already on file can be a "second or successive motion" under the AEDPA, are we not then required to say that a motion to amend a petition *before* judgment is equally a second or successive motion (or application)? No, we're not, and here's why: a motion is caught by § 2244(b) and § 2255 ¶ 8 only if it is second or successive to a proceeding that "counts" as the first. A petition that has reached final decision counts for this purpose. Thus a post-

finality motion under Rule 60(b), or a post-finality request to recall the mandate, produces a second countable motion. But the AEDPA allows every prisoner one full opportunity to seek collateral review. Part of that opportunity—part of every civil case—is an entitlement to add or drop issues while the litigation proceeds. Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts says that when the special collateral-attack rules do not include a special provision for a circumstance, the court should be guided by the Rules of Civil and Criminal Procedure. Because the Rules Governing Section 2255 Proceedings for the United States District Courts do not deal with amendments to motions for collateral review, the district court should turn to Fed.R.Civ.P. 15(a). This rule provides that even after the defendant has filed an answer, and the plaintiff's absolute right to amend has lapsed, the court still should grant leave "freely ... when justice so requires." No one supposes that an amendment to the complaint in pending civil litigation violates principles of claim preclusion (res judicata), even though an identical claim raised in a separate suit would be precluded. Just so with amendments and the AEDPA. A prisoner receives one complete round of litigation, which as in other civil suits includes the opportunity to amend a pleading before judgment.

■■■ The district judge should have considered Johnson's proposed amendments without regard to § 2255 ¶ 8. This is not to say that the judge is required to permit the amendments. The case was well along when Johnson attempted to add issues, and delay is a standard reason for denying leave to amend the pleadings in civil litigation. Moreover, Johnson filed the proposed amendments on his own behalf, even though he was represented by counsel. A district court is entitled to insist that a represented party file papers only through counsel. Johnson had indicated dissatisfaction with his lawyer but had not dismissed him; the court could

have elected to ignore Johnson's filings while the representation endured. Several of Johnson's filings were hard to fathom, which might have been an independent reason for denying leave. But the district judge took none of these paths, and Johnson's filings are clear enough for us to discern at least one serious claim in them (serious, that is, if true): that he asked his lawyer to appeal from the initial judgment and sentence, but that the lawyer refused to do so. Such an omission is ineffective assistance of counsel. *Castellanos v. United States*, 26 F.3d 717 (7th Cir.1994). The prosecutor contends that Johnson is not telling the truth, but we are in no position to determine what happened.

The judgment of the district court is vacated, and the case is remanded for further proceedings consistent with this opinion.