**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　　*Plaintiff-Appellee,*

v.

KLYNE MILTON MCMAHAN, JR., a/k/a
A. G. Ashburn, a/k/a Danny Burns,
a/k/a Belton McMahan, a/k/a Mac
McMahan, a/k/a Mark McMahan,
a/k/a Mark Gardner, a/k/a M. J.
Masterson, a/k/a Hughes Davies,
a/k/a Mark Kellam, a/k/a Mark
King, a/k/a John Mark McQuinn,
a/k/a Chris Sears, a/k/a Mark Sears,
a/k/a John West, a/k/a Mark West,
a/k/a John White,
　　　　　　　*Defendant-Appellant.*

No. 00-7186

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Henry C. Morgan, Jr., District Judge.
(CR-93-89-N, CA-97-1003-2)

Submitted: April 17, 2001

Decided: May 8, 2001

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

_____

Dismissed in part and vacated in part by unpublished per curiam opinion.

_____

**COUNSEL**

Klyne Milton McMahan, Jr., Appellant Pro Se. Philip Eric Urofsky, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Klyne Milton McMahan seeks to appeal the district court's orders denying his motion filed under 28 U.S.C.A. § 2255 (West Supp. 2000), and his motions to reconsider or alter or amend that order. For the following reasons, we dismiss his appeal.

In a civil action involving the United States, parties are allowed sixty days after the entry of the district court's final order or judgment to note an appeal. Fed. R. App. P. 4(a)(1)(B). However, if a party files a motion to alter, amend or reconsider that judgment within ten days of its entry, the sixty day period for noting an appeal is tolled until that motion is resolved. Fed. R. App. P. 4(a)(4)(A).

The district court entered an order denying McMahan's § 2255 motion on September 29, 1998. Although McMahan filed a motion for reconsideration under either Rule 59(e) or Rule 60(b) twenty-one days later, that motion was filed too late to toll the period in which McMahan could file an appeal. Initially, because the motion for reconsideration was not filed within ten days of the entry of the order to which it relates, it can only be construed as a motion pursuant to Rule 60(b), not Rule 59(e). *See In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1993). Furthermore, because McMahan's Rule 60(b) motion for reconsideration was not filed within ten days of the order denying his § 2255 motion, it could not toll the period in which he could file an

appeal. Fed. R. App. P. 4(a)(4)(A)(vi). Accordingly, McMahan's appeal, filed two years after the denial of his § 2255 motion, is untimely as to that order.*

Although McMahan's notice of appeal is timely as to the denial of his Rule 60(b) motion, we nevertheless cannot review the district court's denial of the Rule 60(b) motion on its merits. Under the Anti-Terrorism and Effective Death Penalty Act of 1996, once an inmate's motion for relief pursuant to § 2255 has been denied, he may not file a second or successive motion without leave of this court. 28 U.S.C.A. § 2244(b)(3)(A) (West Supp. 2000) ("AEDPA"). In his Rule 60(b) motion, however, McMahan raised for the first time the claim that his trial counsel had prevented him from testifying in his defense. Although this claim was known to McMahan at the time he filed his § 2255 motion and could have been raised at that time, it was not. Accordingly, because McMahan's Rule 60(b) motion raised a new claim, under the AEDPA that motion constitutes a second § 2255 motion. *See Johnson v. United States*, 196 F.3d 802, 806 (7th Cir. 1999); *Lopez v. Douglas*, 141 F.3d 974, 975 (10th Cir. 1998); *United States v. Rich*, 141 F.3d 550, 551 (5th Cir. 1998).

In light of the successive nature of McMahan's Rule 60(b) motion, we vacate the district court's orders with respect to that motion. Under the AEDPA, McMahan was required to receive authorization from this court before filing his Rule 60(b) motion for reconsideration. 28 U.S.C.A. § 2244(b)(3)(A). Because he did not, the district court was without jurisdiction to consider that motion. *See In re Page*, 170 F.3d 659, 661 (7th Cir.), *opinion supplemented on denial of rehearing* 179 F.3d 1024 (7th Cir. 1999). Similarly, the district court

---

*Although McMahan filed a motion for enlargement of time to file a motion for reconsideration on the ninth day following the denial of his § 2255 motion, the filing of the motion for enlargement of time does not change the outcome. The district court did not rule upon the motion, but the terms of Fed. R. Civ. P. 6(b) preclude a district court from extending the ten day period in which a Rule 59(e) motion must be filed. Nor could McMahan's Rule 60(b) motion relate back to his motion for enlargement for that purpose, as to do so would render Rule 6(b) and Rule 59(e) nugatory. *See Hertz Corp. v. Alamo Rent-a-car, Inc.*, 16 F.2d 1126, 1128 (11th Cir. 1994).

was also without jurisdiction to consider McMahan's subsequent Rule 59(e) motion to alter or amend the order denying his Rule 60(b) motion. Accordingly, we vacate the district court's orders with respect to those motions.

In light of the foregoing, we deny both McMahan's motion to appoint counsel and a certificate of appealability, and dismiss his appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*DISMISSED IN PART, VACATED IN PART*