*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 12a0180p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

REBECCA HAMPTON,

       *Plaintiff-Appellant*,

       *v.*

R.J. CORMAN RAILROAD SWITCHING CO.,
LLC, et al.

       *Defendants,*

R.J. CORMAN RAILROAD PROPERTY
COMPANY, LLC; R.J. CORMAN RAILROAD
COMPANY/CENTRAL KENTUCKY LINES, LLC;
CSX TRANSPORTATION INC.,

       *Defendants-Appellees.*

> No. 10-5707

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
No. 08-00193—John G. Heyburn II, District Judge.

Argued: January 10, 2012

Decided and Filed: June 19, 2012

Before: KETHLEDGE and STRANCH, Circuit Judges; GWIN, District Judge.[*]

_____

## COUNSEL

**ARGUED:** Robert D. Mattingly, DECAMILLIS & MATTINGLY, PLLC, Louisville, Kentucky, for Appellant. Elizabeth E. Darby, MOYNAHAN, IRVIN, MOONEY & STANSBURY, PSC, Nicholasville, Kentucky, for Appellees. **ON BRIEF:** Robert D. Mattingly, DECAMILLIS & MATTINGLY, PLLC, Louisville, Kentucky, for Appellant. Elizabeth E. Darby, David R. Irvin, James M. Mooney, MOYNAHAN, IRVIN, MOONEY & STANSBURY, PSC, Nicholasville, Kentucky, for Appellees.

_____

[*] The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

---

**OPINION**

---

GWIN, District Judge.   In this personal-injury action resulting from an automobile-train collision, Plaintiff-Appellant Rebecca Hampton appeals the district court's order granting summary judgment to the Defendants-Appellees.  But Hampton's claim, which the Defendants-Appellees removed to federal court, lacks any basis for federal subject-matter jurisdiction.  Accordingly, we vacate the district court's judgment and remand with instructions that the district court remand to state court.

I.

In the early morning hours of October 16, 2005, Rebecca Hampton's car collided with a train.   The train—owned by Defendant-Appellee R.J. Corman Railroad Company/Central Kentucky Lines, LLC (collectively, with all Defendants-Appellees, RJC[1])—was stopped on the railroad tracks near the 1800 block of River Road in Louisville, Kentucky.  One of the train's center cars, a red boxcar, blocked the railroad-roadway crossing.  Hampton never hit her brakes and slammed into the side of the train at 40 to 45 miles per hour.[2]  She survived the crash, claimed that the crossing's red warning lights were not flashing and that she never saw the train until the instant before the impact, and sued RJC in Kentucky state court for negligence.

Several months later, Hampton amended her complaint to add references to federal statutes and regulations.  The amended complaint alleges that RJC negligently caused her injuries; negligently failed to protect her from injury; "failed to comply with the Federal Railroad Safety Act of 1970, 45 U.S.C. § 421, et. Seq. [sic] and other federal statutory provisions including but not limited to 49 U.S.C. § 20134 by failing to properly

---

[1]Three Defendants-Appellees are party to this appeal:  R.J. Corman Railroad Company/Central Kentucky Lines, LLC, operated the train; CSX Transportation, Inc., owns the railroad crossing; and R.J. Corman Railroad Property, LLC, leased the crossing.  We refer to all, collectively, as RJC.  R.J. Corman Railroad Company/Bardstown Line was dismissed prior to the district court's resolution of the matter.

[2]Hampton denied exceeding the 35 mile-per-hour speed limit.

maintain, employ, use and install proper warning devices and procedures at railway crossings"; and "failed to comply with provisions issued by the Secretary of Transportation regarding railway crossing safety including but not limited to those dictated by 23 C.F.R. § 646.214."

RJC removed the case to the Western District of Kentucky, citing 28 U.S.C. §§ 1331 and 1441.[3] Hampton did not move to remand, and RJC moved for—and was granted—summary judgment.

Hampton now appeals the merits of that judgment. In response, RJC defends the district court's judgment but asks this Court to affirm on alternative (and contrary to the district court's opinion) grounds and hold that Hampton's claims are preempted by federal law.

Neither Hampton nor RJC challenge this Court's jurisdiction, but "federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creations Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). Because Hampton never moved to remand, it is likely that the district court never considered its own subject-matter jurisdiction. We do so here.[4]

## II.

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and any action which could have originally been brought in federal court may be removed to federal court, 28 U.S.C. § 1441(a). "Since a defendant may remove a case only if the claim could have been brought in federal court, . . . the question for removal jurisdiction must

---

[3]The parties are not diverse.

[4]On December 16, 2011, we ordered supplemental briefing and asked:
Has Plaintiff-Appellant Hampton ever claimed any right to recover directly under federal law, wholly independent of any state-law claims? If so, where? And are any such claims so "immaterial . . . [or] wholly insubstantial and frivolous . . . to warrant the court's dismissal for want of jurisdiction"? *Bell v. Hood*, 327 U.S. 678, 682-83 (1946).

also be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

As an initial matter, we note that the face of Hampton's amended complaint does indeed reference federal law. The amended complaint claims that the "Defendants . . . failed to comply" with two federal statutes—"The Federal Railroad Safety Act of 1970, 45 U.S.C. § 431, et. Seq. [sic]" and 49 U.S.C. § 20134—and with one federal regulation, 23 C.F.R. § 646.214. RJC argues that those references should suffice for federal subject-matter jurisdiction.

This Court has previously noted that "the 'arising under' gateway into federal court in fact has two distinct portals": 1) "litigants whose causes of action are created by federal law," and 2) "state-law claims that implicate significant federal issues." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006) (internal citations omitted). In addressing the questions—1) does Hampton have a federal cause of action? and 2) does Hampton's state-law claim implicate significant federal issues?—we give a single answer: no.

A.

"[T]he vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action." *Merrell Dow*, 478 U.S. at 808. This is not one of those cases.

The Federal Railroad Safety Act of 1970 (FRSA), now codified at 49 U.S.C. § 20101, et seq., does not explicitly create a private cause of action for private enforcement. And it does not imply one.[5] To the contrary, a 2007 amendment to the FRSA clarified that "[n]othing in this section creates a Federal cause of action on behalf of an injured party or confers Federal question jurisdiction for such State law causes of action." Implementing Recommendations of the 9/11 Commission Act of 2007, Pub. L.

---

[5] *See, e.g.*, *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) ("[W]e must first examine the statutory language to determine whether the [statute] creates an express right . . . to maintain a civil action . . . . If no express right exists in the statutory text, we must then determine whether the [statute] creates an implied right of action.").

No. 110-53, § 1528, 121 Stat. 226, 453 (2007) (codified as amended at 49 U.S.C. § 20106(c) (2007)); *see also Lundeen v. Canadian Pac. Ry. Co.*, 532 F.3d 682, 688 (8th Cir. 2008) ("Congress expressly stated § 20106 was not intended to confer federal question jurisdiction upon the federal courts when a party filed a state court lawsuit . . . ."). On the whole, the FRSA lacks any indication that Congress had the "intent to create not just a private right but also a private remedy." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) ("Statutory intent . . . is determinative.").

The same is true of the federal regulations Hampton cited. Generally, 23 C.F.R. part 646 (along with several other regulations) sets "[f]urther conditions on the States' use of federal aid to improve grade crossings," *CSX Transp., Inc. v. Easterwood*, 507 U.S. 658, 663 (1993), and 23 C.F.R. § 646.214 provides design standards for railroad-highway projects. The regulations, however, do not imply or expressly create a federal cause of action.

Accordingly, Hampton's amended complaint does not state a claim with an available federal cause of action.**[6]**

B.

Next we consider whether Hampton's claim can pass through the alternative federal-question-jurisdiction portal: "state-law claims that implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). The "commonsense notion [is] that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law." *Id.* Nonetheless, federal-question jurisdiction "demands not only a contested federal issue, but a substantial one." *Id.* at 313. Hampton's claim does not have contested, or substantial, federal issues.

---

**[6]**Apparently, all are in agreement on this issue. In its motion for summary judgment, RJC stated, we think correctly, that "there is no private federal cause of action on behalf of an injured party under federal railroad statutes." Hampton's opposition did not refute it, and the district court did not address the issue in its summary-judgment order.

This case is functionally identical to *Merrell Dow*, where the Supreme Court "considered a state tort claim resting in part on the allegation that the defendant drug company had violated a federal misbranding prohibition, and was thus presumptively negligent under Ohio law." *Id.* at 316 (summarizing the *Merrell Dow* opinion). The Court reasoned that "the presence of the federal issue as an element of the state tort is not the kind of adjudication for which jurisdiction would serve congressional purposes and the federal system[,] . . . [and] the presence of a claimed violation of the [federal] statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." 478 U.S. at 814. Later, in *Grable*, the Court distinguished "the rare state quiet title action that involves contested issues of federal law," from the "garden variety state tort" claim at issue in *Merrell Dow*. 545 U.S. at 318-19.

Hampton's claim is a garden-variety state tort claim: she alleges that RJC violated federal statutes and regulations and thus was presumptively negligent under Kentucky law. Finding a state-law negligence claim removable on the sole basis that the violation of a federal statute creates a presumption of negligence under state law would "flout, or at least undermine, congressional intent," *Merrell Dow*, 478 U.S. at 812, and would "herald[] a potentially enormous shift of traditionally state cases into federal courts," *Grable* 545 U.S. at 319. That we will not do.

Having found neither a federal cause of action nor a substantial federal issue, we conclude that Hampton's amended complaint "does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'" *Merrell Dow*, 478 U.S. at 817 (quoting 28 U.S.C. § 1331).

III.

Before concluding entirely, we pause to reject RJC's assertion that preemption provides a basis for removal in this case. The complete preemption doctrine provides that "a state claim may be removed to federal court . . . when a federal statute wholly displaces the state-law cause of action." *Beneficial Nat'l Bank v. Anderson*, 539 U.S.

1, 8 (2003).**7** But complete preemption "is a very limited exception . . . largely limit[ed] . . . to a handful of federal statutes . . . [including] the Labor Management Relations Act . . . and the Employee Retirement Income Security Act," and is applied "only when the federal statutory language demonstrates that Congress has manifested a clear intent that claims not only be preempted under the federal law, but also that they be removable." *Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 553 (6th Cir. 2005) (citations omitted). We find that Congress has not manifested such a clear intent in the FRSA.

In fact, the 2007 amendment to the FRSA also includes an explicit warning to the contrary. *See* 49 U.S.C. § 20106 (2007). In the section aptly titled "Preemption," the amended statute provides, in pertinent part:

> (1) Nothing in this section shall be construed to preempt an action under State law seeking damages for personal injury, death, or property damage alleging that a party—
>> (A) has failed to comply with the Federal standard of care established by a regulation or order issued by the Secretary of Transportation (with respect to railroad safety matters), or the Secretary of Homeland Security (with respect to railroad security matters), covering the subject matter as provided in subsection (a) of this section;
>> (B) has failed to comply with its own plan, rule, or standard that it created pursuant to a regulation or order issued by either of the Secretaries; or
>> (C) has failed to comply with a State law, regulation, or order that is not incompatible with subsection (a)(2).

49 U.S.C. § 20106(b). We find nothing to indicate that Congress did not mean what it wrote in § 20106, and we decline to expand the purposely limited complete-preemption doctrine to the FRSA. *See Bates v. Mo. & N. Ark. R.R. Co., Inc.*, 548 F.3d 634, 637 (8th Cir. 2008) ("MNA's arguments for complete preemption under the FRSA have been foreclosed by the § 20106 amendment and our decision in *Lundeen II*. . . . Absent

---

**7**Generally, preemption is a defense and does not provide a basis for removal to federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.").

diversity, therefore, a state court is the proper forum for litigating MNA's preemption defense."); *Wall v. CSX Transp., Inc.*, 471 F.3d 410, 423 n.11 (2d Cir. 2006) ("There is no support for the proposition that the FRSA effected a similar 'complete preemption' transforming all state law claims in the area into federal ones.").[8]

### IV.

This case, which presents no basis for federal subject-matter jurisdiction, was improperly removed to the Western District of Kentucky. It should never have been in federal court, and despite the time, effort, and money that unfortunately have been wasted on litigating this matter, it can proceed no further. Accordingly, we vacate the judgment of the district court and remand to the district court, with instructions to remand to Kentucky state court for further proceedings.

---

[8]We likewise reject RJC's complete-preemption argument based on the Fifth Circuit's opinion in *Elam v. Kansas City Southern Railway Co.*, 635 F.3d 796 (5th Cir. 2011). In *Elam*, the court concluded that the Interstate Commerce Commission Termination Act (ICCTA) completely preempted the plaintiff's per se negligence claim (premised on violations of a Mississippi railroad-crossing antiblocking statute). But *Elam* is inapposite. First, *Elam* involves the ICCTA, not the FRSA, and the opinion distinguishes between the two: "[N]ot every state law targeting rail operations is completely preempted by the ICCTA. . . . Indeed, the Federal Railroad Safety Act (FRSA) expressly provides that states may enact (and citizens may enforce) rail safety laws in certain circumstances." *Id.* at 807-08. Second, the *Elam* opinion "is not broad," and the court "d[id] not anticipate many state law claims will be completely preempted (and thus removable to federal court) under the standards . . . discussed." *Id.* at 808. Third, Hampton's amended complaint does not allege violations of similar *Kentucky state-law* antiblocking statutes.