RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 14a0225p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

DEIDRE LYNN CLARK,

*Petitioner-Appellant,*

*v.*

No. 11-6380

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Eastern District of Kentucky at London.
Nos. 6:07-cr-13-5; 6:10-cv-7128—Danny C. Reeves, District Judge.

Argued: June 17, 2014

Decided and Filed: September 4, 2014

Before: SILER, GILMAN, and GIBBONS, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Joshua I. Hammack, JONES DAY, Washington, D.C., for Appellant. Brandon L. Fyffe, UNITED STATES ATTORNEY'S OFFICE, Lexington, Kentucky, for Appellee. **ON BRIEF:** Jennifer L. Swize, Jennifer Bradley Lichter, JONES DAY, Washington, D.C., for Appellant. Charles P. Wisdom, Jr., Elisabeth A. Sigler, UNITED STATES ATTORNEY'S OFFICE, Lexington, Kentucky, for Appellee.

_____

## OPINION

_____

JULIA SMITH GIBBONS, Circuit Judge. Deidre Clark, a *pro se* federal prisoner, filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence, claiming that the assistance of her trial and appellate counsel was ineffective and that her plea was not

1

knowing or voluntary. The district court denied both her original § 2255 motion and her first motion to amend and dismissed with prejudice Clark's application for relief under § 2255. Clark did not timely appeal that judgment. Rather, on October 3, 2011, Clark filed a second motion to amend, which was identical to her first motion to amend. The district court denied her second motion to amend for the same reasons underlying its denial of her first motion to amend— namely, that Clark filed the motion after the magistrate judge recommended a disposition of her § 2255 motion and, moroever, the claims Clark sought to add were futile. This court issued a certificate of appealability (COA) as to the denial of Clark's second motion to amend. We now affirm.

I.

On March 29, 2007, a federal grand jury returned a second superseding indictment charging Clark with making a false statement to a federally licensed firearm dealer, in violation of 18 U.S.C. § 924(a)(1)(A), and with possession of an unregistered sawed-off shotgun, in violation of 26 U.S.C. § 5861(d). On September 6, 2007, Clark entered a *nolo contendere* plea to the false-statement charge and a guilty plea to the possession charge. On June 2, 2008, the district court sentenced Clark to a term of 108 months' imprisonment, consisting of 60 months as to the false-statement charge and 108 months as to the possession charge, to be served concurrently. On direct appeal, this court affirmed Clark's convictions and sentences and granted counsel's motion for leave to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967).

On July 20, 2010, Clark filed a *pro se* motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence, claiming that the assistance of trial and appellate counsel was ineffective and that her plea was not knowing or voluntary. On July 19, 2011, the magistrate judge recommended that Clark's § 2255 motion be denied on the merits. Clark did not file objections to the magistrate judge's recommendation. Instead, on August 22, 2011, she filed a motion to amend her § 2255 motion. In her motion, Clark claimed that "due to her severe depression" she was unable to file *pro se* a comprehensive § 2255 motion in the first instance in July 2011. She asked the court for leave to amend her § 2255 motion to add four new claims. Two of those claims alleged that the sentence imposed by the district court violated the Fifth

Amendment because the four-level enhancement for transferring a firearm to be used in a felony offense and the two-level enhancement for obstruction of justice were incorrectly applied. Clark also sought to add claims alleging selective prosecution and judicial misconduct.

On August 23, 2011, the district court denied Clark's motion to amend her § 2255 motion. First, the district court noted that requests to amend § 2255 motions are governed by Federal Rule of Civil Procedure 15. It then denied Clark leave to amend because she filed her motion to amend after the magistrate recommended a disposition of her § 2255 motion. The district court reasoned that a litigant may not raise new arguments in objection to a magistrate judge's recommendation and that Clark cannot circumvent that rule by framing her new arguments as amendments. Moreover, the district court denied Clark's motion to amend because her proposed additional claims would have been futile. The district court reasoned that her challenges to the sentencing enhancements were considered and rejected by this court on direct appeal. *See Clark*, No. 08-5720, slip op. at 3 (6th Cir. July 28, 2009) (order) (holding that "the district court did not err by applying a four-level enhancement pursuant to USSG § 2K2.1(b)(6)" and that the "two-level increase for obstruction of justice under USSG § 3C1.1" was proper). The district court further held that Clark's prosecutorial and judicial-misconduct claims would have been barred by the statute of limitations because neither claim "related back" to the original motion, being based on facts other than those on which her original ineffective-assistance-of-counsel and Fifth-Amendment claims were predicated. *See Mayle v. Felix*, 545 U.S. 644, 650 (2005) ("An amended habeas petition, we hold, does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."); *see also* 28 U.S.C. § 2244(d)(1) (one-year limitation period); Fed. R. Civ. P. 15(c)(2) (stating that pleading amendments relate back to the filing date of the original pleading when both the original plea and the amendment arise out of the same "conduct, transaction, or occurrence").

After denying Clark's motion to amend, the district court construed her motion as containing objections to the magistrate judge's recommended disposition of her § 2255 motion. The district court then denied the objections and adopted the magistrate's recommendation. The district court accordingly denied Clark's § 2255 motion to vacate and dismissed her claims with

prejudice. The district court then dismissed the § 2255 proceeding and struck it from the court's docket.

Clark did not file a timely notice of appeal. Rather, in response to the district court's judgment, she filed a second motion to amend her original § 2255 motion that was identical to her first motion to amend. Attached to her second motion to amend, Clark included a letter to the magistrate judge, alleging that because she was "not in [her] right state of mind" when she composed her original § 2255 motion, she did not include the claims that she sought permission to add. Clark's second motion to amend was filed on October 3, 2011. The district court denied her motion the next day.

This court received a letter request for a COA on October 31, 2011, and that document was filed as Clark's notice of appeal. The notice of appeal was late insofar as it was taken from the August 23, 2011 judgment; however, this court construed that notice of appeal as a timely appeal taken from the October 4, 2011 denial of Clark's second motion to amend. *United States v. Clark*, No. 11-6380 (6th Cir. Mar. 13, 2012) (order). This court remanded to the district court for the purpose of determining whether to grant or to deny a COA on Clark's appeal of the denial of her second motion to amend her original § 2255 motion. *United States v. Clark*, No. 11-6380 (6th Cir. May 21, 2012) (order). The district court denied a COA for the reasons outlined in its August 23, 2011 opinion and order.

On February 8, 2012, this court granted a COA. *United States v. Clark*, No. 11-6380, slip op. at 3 (6th Cir. Feb. 8, 2013) (order granting COA). This court found that reasonable jurists would find it debatable whether the district court was correct in its ruling that Clark's second motion to amend was procedurally barred. First, this court noted that although a post-conviction petitioner generally may not raise new claims or arguments in response to a magistrate judge's recommendation, such claims may be raised if there are "compelling reasons." *Clark*, No. 11-6380, slip op. at 2−3 (order granting COA) (quoting *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)). This court found that in her second motion to amend her § 2255 motion Clark referred to her "severe depression" as a reason for not including the additional claims in her original § 2255 motion. *Id.* at 3. Hence, this court granted a COA on the issue of whether depression may amount to a compelling justification for amending a § 2255 motion after the

magistrate judge has issued a report and recommendation. *Id.* Second, this court instructed the parties to address the applicability of Federal Rule of Civil Procedure 15(a)(2), which provides that a district court "should freely give leave [to amend] when justice so requires," to the circumstances of Clark's case. *Id.* (citing *Coe v. Bell*, 161 F.3d 320, 341−42 (6th Cir. 1998)).

## II.

We begin with our jurisdiction, which we have a duty to consider and may raise *sua sponte*. *Hampton v. R.J. Corman R.R. Switching Co.*, 683 F.3d 708, 710−11 (6th Cir. 2012); *see also Capron v. Van Noorden*, 6 U.S. (2 Cranch) 126, 127 (1804) ("[I]t [is] the duty of the Court to see that they had jurisdiction, for the consent of the parties could not give it."). On January 12, 2014, this court denied the government's motion to dismiss the appeal for lack of jurisdiction or, alternatively, to revoke the COA as improvidently granted. *United States v. Clark*, No. 11-6380 (6th Cir. Jan. 2, 2014) (order). This court correctly pointed out that the COA, even if improvidently granted, vests jurisdiction in the court of appeals. *See Porterfield v. Bell*, 258 F.3d 484, 485 (6th Cir. 2001). Our jurisdictional inquiry does not end there, however.

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 104-132, 110 Stat. 1214, §§ 104−06 (codified as amended in 28 U.S.C. §§ 2244, 2254−55), "dramatically altered the power of federal courts to issue writs of *habeas corpus*." *In re Bowen*, 436 F.3d 699, 701 (6th Cir. 2006). Specifically relevant here, AEDPA prohibits petitioners from bringing claims in a "second or successive" application for relief under §§ 2254 or 2255 that could have been brought in an earlier application. *See* 28 U.S.C. §§ 2244, 2255(h). As amended by AEDPA, § 2244(a) states that:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a). Section 2244(b)(3)(A) states:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A). And § 2255(h) states that a "second or successive motion" filed under § 2255:

> must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
>> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Therefore, §§ 2244 and 2255(h) bar claims presented in a second or successive application for relief under § 2255 that were not presented in a prior application and that do not fall within the narrow statutory exceptions. *See* 28 U.S.C. §§ 2244, 2255(h).[1]

Because Clark's second motion to amend was filed after the district court denied her original § 2255 motion, we must determine whether Clark's second motion to amend is a "second or successive" § 2255 motion barred by §§ 2244(b) and 2255(h). If Clark's motion were a "second or successive" § 2255 motion, then the district court should have dismissed it in its entirety because she failed to obtain the requisite authorization from this court. If, however, Clark's motion was not a "second or successive" § 2255 motion, the claims she presented in it were reviewable. *See Magwood v. Patterson*, 561 U.S. 320, 331 (2010).

AEDPA does not define what constitutes a "second or successive" § 2255 motion. And this court has yet to address when a motion to amend is a second or successive § 2255 motion subject to AEDPA's requirements. *See Oleson v. United States*, 27 F. App'x 566, 569−71 (6th Cir. 2001). Other circuits, however, have explained when a motion to amend is *not* a second and

---

[1]Indeed, the same bar applies to claims presented in a second or successive application for relief under § 2254. *See* 28 U.S.C. § 2244(b)(2); *see also Panetti v. Quarterman*, 551 U.S. 930, 942 (2007) ("We first consider our jurisdiction. . . . Under the gatekeeping provisions of 28 U.S.C. § 2244(b)(2), '[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed' except under certain, narrow circumstances." (alteration in original) (citing 28 U.S.C. §§ 2244(b)(2)(A)−(B)).

successive § 2255 motion.  *See, e.g., Ching v. United States*, 298 F.3d 174, 176−181 (2d Cir. 2002) (Sotomayor, J.); *Johnson v. United States*, 196 F.3d 802, 803−806 (7th Cir. 1999).

A motion to amend is not a second or successive § 2255 motion when it is filed before the adjudication of the initial § 2255 motion is complete—*i.e.*, before the petitioner has lost on the merits and exhausted her appellate remedies.  *See Ching*, 298 F.3d at 177−178; *Johnson*, 196 F.3d at 805.  Although this court has not recognized this specific rule, *see Oleson*, 27 F. App'x at 571, it naturally flows from a more general rule illuminated by the decisions of this court and the Supreme Court: When a *habeas* petitioner files a motion attacking the merits of a conviction or sentence after the adjudication of her *habeas* petition is complete—meaning that the petitioner has lost on the merits and has exhausted her appellate remedies—the motion, irrespective of its characterization, is really a second or successive *habeas* petition.  *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (holding that a Rule 60(b) motion that seeks to add a new ground for relief or that attacks the federal court's previous resolution of a claim on the merits should be construed as successive *habeas* petition); *In re Nailor*, 487 F.3d 1018, 1022−23 (6th Cir. 2007) (same); *United States v. Carter*, 500 F.3d 486, 489−91 (6th Cir. 2007) (relying on *Gonzalez*'s holding as to Rule 60(b) motions to hold that a 18 U.S.C. § 3582 motion that otherwise attacks the petitioner's underlying conviction or sentence is an attack on the merits of the case, should be construed as a § 2255 motion, and is therefore subject to the successive-petition bar (citing *Gonzalez*, 545 U.S. at 532)).  This rule prevents the use of motions filed after the adjudication of a *habeas* petition is complete to "impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar."  *Gonzalez*, 545 U.S. at 532; *see also* 28 U.S.C. §§ 2244(b), 2255(h).  *Johnson v. United States* and *Ching v. United States* developed this general rule in the context of motions to amend a § 2255 motion by focusing on whether the adjudication of the respective § 2255 motions was complete.

*Johnson* held that a motion to amend an application for § 2255 relief was not a second or successive collateral attack requiring appellate approval under § 2244(b) and § 2255(h) where a final decision had not been rendered on the original petition.  196 F.3d at 805−06.  The *Johnson* court explained that "identifying second or successive motions is easy only in the paradigm

case—the prisoner files a motion, loses on the merits, exhausts appellate remedies, and then files another motion." *Id.* at 804. "That sequence is conclusive," the *Johnson* court said, "even though the second motion presents grounds that could not have been raised earlier." *Id.* Applying this principle, the *Johnson* court held that the amendments at issue did not constitute a second or successive collateral attack because the amendments were made before the district court made a final decision. *See id.* at 803−05.

*Ching* similarly held "that a habeas petition submitted during the pendency of an initial § 2255 motion should be construed as a motion to amend the initial motion." 298 F.3d at 175. In *Ching*, the petitioner filed a § 2255 motion, which the district court denied as untimely. *Id.* While the appeal of the denial of that motion was pending, the petitioner filed a § 2241 petition, which the district court construed as a second or successive § 2255 motion and then transferred to the Second Circuit for certification. *Id.* at 176. The *Ching* court held that the district court erred in considering Ching's § 2241 petition as a second or successive § 2255 motion because "the denial of the [original § 2255] motion was still pending on appeal before this Court and no final decision had been reached with respect to the merits of Ching's claim." *Id.* at 178. Writing for the court, then-Judge Sotomayor explained that "in general, when a § 2255 motion is filed before adjudication of an initial § 2255 is complete, the district court should construe the second § 2255 motion as a motion to amend the pending § 2255." *Id.* at 177.

Although this case presents a closer question than the posture of either *Johnson* or *Ching*, Clark's second motion to amend is not a second or successive application for § 2255 relief because the motion was filed before Clark forfeited her appellate remedies and thus before the adjudication of her § 2255 motion was decisively complete. Clark filed her second motion to amend after the district court dismissed her original § 2255 motion and her first motion to amend but before the period for Clark to appeal the district court's judgment had expired. Therefore, we cannot say that Clark's second motion to amend is a "paradigm case" of a second or successive § 2255 motion. *See Johnson*, 196 F.3d at 804.[2]

---

[2]Borrowing a phrase familiar from the administrative law context, *Johnson* speaks of "exhaustion of state remedies" in the paradigm case of a "second or successive motion." 196 F.3d at 804. But, as the *Johnson* court recognized, the rule that a petitioner cannot file a successive *habeas* application after losing on the merits and losing

Furthermore, as the *Ching* court recognized, "[t]he general concern that civil plaintiffs have an opportunity for a full adjudication of their claims is particularly heightened in the AEDPA context, where the gatekeeping provisions of the statute stringently limit a petitioner's ability to raise further issues in a subsequent action." 298 F.3d at 177 (citing *Adams v. United States*, 155 F.3d 582, 583 (2d Cir. 1998) (discussing how AEDPA's gate-keeping provisions "may result in a disastrous deprivation of a future opportunity to have a well-justified grievance adjudicated" if a court converts a post-conviction motion into § 2255 motion)). A plaintiff has not had an opportunity for the full adjudication of her claims simply because a district court has rendered a judgment that is "final" within the meaning of 28 U.S.C. § 1291. *Id.* at 178. That opportunity runs up until the point where the plaintiff exhausts her appellate remedies. Because Clark filed her second motion to amend before she had exhausted her appellate remedies, her second motion to amend is not a second or successive § 2255 motion and therefore is not subject to the successive-petition bar set forth by §§ 2244(b) and 2255(h).[3]

---

her opportunity for an appellate remedy easily covers cases where the petitioner forfeited the opportunity for an appellate remedy by not timely filing a notice of appeal.

> Just as a second filing may be treated as an initial motion when the first was not eligible for decision on the merits, so additional filings in the first collateral attack may be treated as "second or successive" petitions when the first has reached a final decision. Suppose a collateral attack has been fully adjudicated, a final judgment has been entered, *and the time for appeal has expired*. The prisoner then files a motion under Fed. R. Civ. P. 60(b) advancing new theories of relief. Such a maneuver is a transparent attempt to avoid the need for prior appellate approval of a second collateral attack. . . .

*Id.* at 805 (emphasis added). In identifying cases of second or successive *habeas* applications, it makes no difference whether the successive petition is filed as a Rule 60(b) motion or a motion to amend. *See id.* at 804. What matters is that the petitioner files a motion adding new claims after the district court denied her original *habeas* application on the merits and she has lost all opportunities for an appellate remedy. Here, at the time Clark filed her second motion to amend, she had not lost all opportunities for an appellate remedy.

[3]We do not believe that the application of abuse-of-the-writ doctrine requires a contrary result. *See, e.g., In re Bowling*, No. 06-5937, 2007 WL 4943732, at *2 (6th Cir. Sept. 12, 2007) (applying the abuse-of-the writ doctrine to determine whether a particular motion is a "second or successive" *habeas* petition, thereby invoking the successive-petition bar); *see generally McCleskey v. Zant*, 499 U.S. 467, 489−90 (1991). In *McCleskey*, the Supreme Court provided a framework to analyze whether a petitioner has abused the writ by raising new claims in a second-in-time application: "[A] petitioner may abuse the writ by failing to raise a claim through inexcusable neglect. . . . [A] petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice." 499 U.S. at 489. And to determine when the writ is abused through inexcusable neglect, the *McCleskey* Court added: "[A] review of our habeas corpus precedents leads us to decide that the same standard used to determine whether to excuse state procedural defaults should govern the determination of inexcusable neglect in the abuse-of-the-writ context." *Id.* at 490. Clark contends that, due to her depression, she lacked the opportunity to raise the four claims presented in her second motion to amend in her original § 2255 motion. This court has not squarely considered whether mental illness can constitute cause excusing procedural default. *But see Kanios v. Baker*, 961 F.2d 1577, 1992 WL 102544, at *1 (6th Cir. 1992) (unpublished table opinion) (holding that petitioner's claim that "he was on medication for depression" did not "establish sufficient cause for failing to file a notice of appeal after his conviction."). Thus, we

We therefore review the district court's denial of Clark's second motion to amend, and we "may affirm for any reason presented in the record." *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 514 (6th Cir. 2003).

III.

Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts says that when special collateral-attack rules do not include a special provision for a circumstance, the court should be guided by the Rules of Civil and Criminal Procedure. *See* 28 U.S.C. § 2255 Rule 12. Because the Rules Governing Section 2255 Proceedings for the United States District Courts do not deal with amendments to motions for collateral review, a motion to amend a § 2255 motion is generally governed by the Federal Rules of Civil Procedure. *See Oleson*, 27 F. App'x at 568; *see also Ching*, 298 F.3d at 177.

"When a party seeks to amend a complaint after an adverse judgment, it thus must shoulder a heavier burden [than if the party sought to amend a complaint beforehand]. Instead of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rules 59 or 60." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010) (citing *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 624 (6th Cir. 2008); *United States ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 507 (6th Cir. 2008)). As our court has explained:

> Rule 15 requests to amend the complaint are frequently filed and, generally speaking, freely allowed. But when a Rule 15 motion comes *after* a judgment against the plaintiff, that is a different story. Courts in that setting must consider the competing interest of protecting the finality of judgments and the expeditious termination of litigation. If a permissive amendment policy applied after adverse judgments, plaintiffs could use the court as a sounding board to discover holes in their arguments, then reopen the case by amending their complaint to take account of the court's decision. That would sidestep the narrow grounds for obtaining post-judgment relief under Rules 59 and 60, make the finality of judgments an interim concept and risk turning Rules 59 and 60 into nullities.

---

do not find that Clark's second motion to amend constituted an abuse of the writ. Moreover, we do not decide jurisdiction on that basis because Clark filed her second motion to amend before her opportunity for an appellate remedy had expired and thus did not constitute a "second or successive" § 2255 motion.

*Leisure Caviar*, 616 F.3d at 615−16 (internal citations and quotation marks omitted); *see also* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1489 (3d ed. 2010). As a result, in post-judgments motions to amend, "'the Rule 15 and Rule 59 inquiries turn on the same factors.'" *Leisure Caviar*, 616 F.3d at 616 (quoting *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002)). "Under Rule 59, a court may alter the judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Id.* at 615 (quoting *Intera Corp. v. Henderson,* 428 F.3d 605, 620 (6th Cir. 2005)). As with Rule 15 motions, district courts have considerable discretion in deciding whether to grant Rule 59 motions, and this court reviews such decisions for abuse of discretion. *Id.*

In her second motion to amend, Clark made four new arguments not presented in her original § 2255 motion. She claimed that her sentence violated the Fifth Amendment because the four-level enhancement pursuant to USSG § 2K2.1(b)(6) for transferring a firearm to be used in a felony offense was improper. She also argued that the two-level enhancement for obstruction of justice was improper. As the district court correctly pointed out, this court rejected both arguments on direct appeal. *See Clark*, No. 08-5720, slip op. at 3 (holding that "the district court did not err by applying a four-level enhancement pursuant to USSG § 2K2.1(b)(6)" and that the "two-level increase for obstruction of justice under USSG § 3C1.1" was proper). Clark points to no intervening change in controlling law. Accordingly, Clark cannot succeed in a motion to alter or amend a judgment on the basis of these claims.

Next, Clark presents a new selective-prosecution claim and a new judicial-misconduct claim. The gravamen of Clark's selective-prosecution claim is that Clark was convicted and sentenced, while another woman, Paulette Denise Bowling, who Clark alleges was involved in the underlying criminal conspiracy, was not indicted. And the basis of Clark's judicial-misconduct claim is the bare allegation that Judge Reeves "attacked Mrs. Clark's character and stated several unjust, disparaging and vicious idealisms." Neither of these claims establishes a basis for a successful Rule 59(e) motion. *See Leisure Caviar*, 616 F.3d at 615. Clark neither adduces newly discovered evidence nor points to any error of law or intervening change in controlling law. And given that Clark entered a *nolo contendere* plea to the false-statement

charge and a guilty plea to the possession charge, these claims first presented in her post-judgment second motion to amend do not demonstrate that her conviction or indictment constituted "manifest injustice." *See id.*

Because Clark cannot meet the requirements for post-judgment relief under Rule 59, she cannot amend her original § 2255 motion after the district court denied that motion with prejudice and dismissed her application for § 2255 relief.  Accordingly, the district court did not err in denying Clark's second motion to amend.

## IV.

For the foregoing reasons, the district court's denial of Clark's second motion to amend her original § 2255 motion is affirmed.