Clinton **THORN**, Plaintiff–Appellant,

v.

**MEDTRONIC, INC.**, a Minnesota Corp., et al., Defendants–Appellees.

No. 15–1533.

United States Court of Appeals, Sixth Circuit.

Dec. 15, 2015.

Before: MOORE and KETHLEDGE, Circuit Judges; HOOD, District Judge.[*]

## ORDER

Clinton Thorn, a Michigan resident represented by counsel, appeals from the district court's order denying his post-judgment motion to file a second amended complaint in his products liability suit. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In March 2010, Thorn underwent a posterior lumbar interbody fusion—spine surgery. His surgeon used a biomedical substance known as Infuse, manufactured by defendant Medtronic, Inc. Infuse is an FDA-approved filling material containing a "bone morphogenetic protein" that acts as a substitute for grafting bone from a patient's own hip. Infuse is meant to avoid the pain and risk of harvesting living bone by substituting a small caged scaffolding loaded with the protein, which is inserted during the surgery and grows as if it were actual tissue. Following his surgery, Thorn's Infuse implant gave rise to "ectopic and uncontrollable bone growth" outside the cage, compressing his spinal cord and causing "intractable pain."

The FDA approved Infuse for use only in anterior surgeries—procedures through the abdomen—not for posterior surgeries like Thorn's, which are completed through the patient's back. Thorn alleged that his surgeon used Infuse in this "off-label" manner based on Medtronic's direct promotion and financial sponsorship of medical journal reports and conference presentations. In addition, Thorn asserted that Medtronic continued its promotion and failed to report to the FDA as required even after it became aware that ectopic bone growth was a common risk in off-label surgeries.

On March 1, 2013, Thorn filed a pro se complaint against Medtronic. He advanced three claims based on the Michigan Products Liability Act: breach of express and implied warranty; negligence; and failure to warn. Medtronic moved to dismiss the suit on the grounds that it was preempted by federal law and meritless. Thereafter, Thorn obtained counsel at the district court's urging and made an oral motion to file an amended complaint. The court granted the motion, and Thorn filed his updated complaint, alleging the same three claims. Medtronic again moved for dismissal based on preemption and the merits. In granting the motion, the district court determined that Thorn's negligence claim was impliedly preempted under 21 U.S.C. § 337(a) and that his failure-to-warn claim was both impliedly and expressly preempted under 21 U.S.C. § 360k(a). The court dismissed Thorn's breach-of-warranty claim because he had failed to adequately answer Medtronic's arguments for dismissal. Thorn did not file a notice of appeal from the judgment.

Following dismissal, Thorn moved to amend his complaint a second time. Citing Federal Rule of Civil Procedure 15, Thorn asked the court to grant him leave to add a fraud count. He asserted that granting the motion would not prejudice Medtronic and would be in the interests of justice. The court denied the motion for four reasons: Thorn could not proceed under Rule 15 because he must first seek to open or amend the judgment under Rule 59 or Rule 60; Thorn could not proceed under Rule 59 because he could not demonstrate an error of law, newly discovered evidence, or an intervening change in

---

[*] The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

the law; Thorn could not proceed under Rule 60 because that rule does not allow the raising of new claims; and Thorn was not entitled to amendment because he could have included a fraud claim from the beginning. Thorn now appeals from the order denying his second motion to amend, arguing that the district court abused its discretion.

We review for an abuse of discretion a district court's denial of leave to amend a complaint. *See Ziegler v. Aukerman,* 512 F.3d 777, 786 (6th Cir.2008). "When a party seeks to amend a complaint after an adverse judgment, it ... must shoulder a heavier burden. Instead of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rules 59 or 60." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.,* 616 F.3d 612, 616 (6th Cir.2010). As a result, in motions to amend filed after judgment is entered, "the Rule 15 and Rule 59 inquiries turn on the same factors." *Id.* "Under Rule 59, a court may alter the judgment based on: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Clark v. United States,* 764 F.3d 653, 661 (6th Cir.2014). "[D]istrict courts have considerable discretion in deciding whether to grant [such] motions, and this court reviews such decisions for abuse of discretion." *Id.*

Thorn summarily asserts that the district court committed a clear error of law when it dismissed his suit. In the two paragraphs he devotes to this issue, Thorn states only that Medtronic's preemption arguments have not been endorsed by a federal appeals court and that the Michigan Products Liability Act is parallel to federal law (an element in surviving the preemption analysis). Such bald and conclusory claims will not do. *See Gradisher v. City of Akron,* 794 F.3d 574, 586 (6th

Cir.2015). Having failed to raise the merits of the dismissal as an independent appellate claim and having failed to provide sufficient support in the context of his clear-error argument, Thorn fails to show that he is entitled to relief on that basis.

Thorn also asserts that the denial of leave to file a second amended complaint is a manifest injustice. He apparently argues that he is entitled to leniency because he began pro se and was at a disadvantage in such a complex civil suit. He then notes that nearly two years passed between his filing of the complaint and the district court's decision. Finally, he cites a case suggesting that the district court could have sanctioned him for his mistakes in a manner less severe than dismissal. None of these lead to the conclusion that dismissal was unjust. Indeed, although Thorn began the suit pro se, his counsel drafted and filed the first amended complaint. Counsel could have included whatever additional or amended information was necessary to remedy the inadequacies in the pro se complaint. Counsel's failure to do so does not render the district court's decision to dismiss the suit unjust. Nor should the speed with which the district court issued its decision affect the legitimacy or judiciousness of that decision. Thorn fails to show that denying leave to amend was manifestly unjust.

Moreover, Thorn cannot obtain leave to amend his claim under Rule 60(b) because "a motion for reconsideration under Rule 60(b) is not the proper vehicle for asserting new claims." *Coyer v. HSBC Mortg. Servs., Inc.,* 701 F.3d 1104, 1110 (6th Cir. 2012).

Accordingly, we **AFFIRM** the district court's order denying Thorn's motion for leave to file a second amended complaint.